Filing # 143439712 E-Filed 02/07/2022 04:00:50 PM

IN THE CIRCUIT COURT FOR THE FOURTH JUDICIAL CIRCUIT
IN AND FOR DUVAL COUNTY, FLORIDA

AMBER WOODS,

    Plaintiff,                                                  Case No.

v.

CROSS COUNTRY MORTGAGE, LLC,
a Foreign Limited Liability Company,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, Amber Woods ("Plaintiff" or "Ms. Woods"), by and through undersigned counsel, and files this Complaint against Defendant Cross Country Mortgage, LLC ("Defendant" or "CCM"), and in support thereof states the following:

## NATURE OF THE SUIT

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA") to recover from Defendant overtime compensation, back wages, front pay, compensatory damages, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is a Florida resident who was employed by Defendant in its office located in Duval County, Florida. Plaintiff was a non-exempt employee who did not have managerial or supervisory duties nor the ability to hire, fire, or discipline employees.

3. Defendant is a Foreign Limited Liability Company with a location in Duval County, Florida, and who at all times relevant, performed work in Duval County, Florida.

4. Defendant may be served with process through its registered agent, CT Corporation System, 1200 South Pine Island, Plantation, Florida 33324.

5. Jurisdiction and Venue are proper in this Court as the actions giving rise to this lawsuit arise out of federal law and occurred in Duval County, Florida.

6. Plaintiff is seeking in excess of $30,000.000, exclusive of attorneys' fees and costs.

## FLSA COVERAGE

7. At all times material hereto, Defendant was, and continues to be an "employer" within the meaning of 29 U.S.C. § 203(d).

8. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA.

9. At all times material hereto, Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, and "enterprise engaged in commerce" or in the production of goods for commerce as defined by the FLSA.

11. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that has been moved in or produced for commerce and/or has at least $500,000.00 of annual gross volume of sales made of business done.

12. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant in that Defendant could not operate its business without employees like Plaintiff.

## STATEMENT OF FACTS

13. Plaintiff worked for Defendant as a non-exempt salaried employee from December 1, 2020 through October 4, 2021.

14. Throughout Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of forty (40) hours per week.

15. Defendant failed to pay Plaintiff any overtime compensation for all hours worked over forty (40) per week during the relevant limitations period.

16. To that end, Defendant's management team regularly required Plaintiff as well as other employees to work off the cock hours without accounting for, or compensating Plaintiff and others for same.

17. Plaintiff should have been compensated at a rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout her employment:

18. Defendant violated 29 U.S.C. § 207 in that:

(a) Plaintiff worked in excess of forty (40) hours in one or more workweeks for her period of employment with Defendant;

(b) No payments of provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours per week, as provided by the FLSA; and

(c) Defendant failed to maintain proper times records as mandated by the FLSA.

19. Prior to violating the FLSA, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

20. Prior to violating the FLSA, Defendant did not consult with the Department of Labor to evaluate whether Plaintiff's actual job duties and pay structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

21. Prior to violating the FLSA, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pat structure rendered her exempt from recovering payment for all overtime worked under the FLSA.

22. Based upon the allegations in Paragraphs 19-21 above, Plaintiff is entitled to liquidated damages as Defendant has no objective or good faith belief that its pay practices were in compliance with the FLSA.

23. During Plaintiff's employment, she signed an employment contract which specifically provided that Plaintiff would be eligible to receive overtime compensation.

24. Plaintiff's employment contract further provided Plaintiff with a sign-on bonus which required Plaintiff to complete one year of employment. After one year, Plaintiff would not be required to repay Defendant for the sign-on bonus.

25. Throughout Plaintiff's employment, she was required to work off the clock in performing her duties as a loan processor.

26. Defendant regularly required Plaintiff and other employees to either clock out or no clock in. when processing loan applications in order to avoid paying its employees overtime compensation.

27. Throughout Plaintiff's more than two (2) years of employment with Defendant, she was required to work hundreds of hours of overtime without being compensated for same.

28. Although Plaintiff objected to Defendant's illegal pay practices, Defendant refused to change its policies and practices and continued to violate the FLSA with regard to Plaintiff's and other employees' overtime compensation.

29. As a result of Defendant's ongoing illegal pay practices, Plaintiff had no choice but to resign her position with Defendant.

30. Plaintiff has suffered damages as a result of Defendant's illegal pay practices throughout the term of her employment.

31. Plaintiff has retained the undersigned counsel to represent her in this litigation and has agreed to pay the undersigned a reasonable fee for services.

## COUNT I
## VIOLATION OF 29 U.S.C. § 2017 ("FLSA")

32. Plaintiff re-alleges and incorporates Paragraphs 1 through 31 as if fully set forth herein.

33. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half time Plaintiff's regular rates of pay for all hours worked in excess of forty (40) hours.

34. Plaintiff was not an exempt employee as defined by the FLSA.

35. During her employment, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

36. At all times material hereto, Defendant failed and continues to fail to maintain proper time records as mandated by the FLSA.

37. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half of her regular rate of pay for each hour worked in excess of forty (40) per week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

## COUNT II
## BREACH OF CONTRACT

39. Plaintiff re-alleges and incorporates Paragraphs 1 through 31 as if fully set forth herein.

40. Plaintiff signed a contract for employment with Defendant in or about December 2019.

41. The contract is a valid and enforceable contract under Florida law.

42. Defendant agreed to the terms and conditions of the contract.

43. Pursuant to the terms of Plaintiff's employment contract, she received a sign-on bonus which contemplated Plaintiff's continued employment for a period of one (1) year.

44. Plaintiff's employment agreement further provided that if Plaintiff did not complete one (1) year of employment with Defendant, she would be required to repay the sign-on bonus.

45. After completion of one (1) year of employment with Defendant, Plaintiff was not required to repay the sign-on bonus if she terminated her employment at any time past the initial one (1) year period.

46. As a result of Defendant's illegal pay practices, Plaintiff had no choice but to resign from her employment with Defendant.

47. After Plaintiff's resignation, Defendant refused to issue Plaintiff's final paycheck stating that her final paycheck was being held to repay her sign on bonus despite Plaintiff having been employed with Defendant for over two (2) years.

48. Based upon the provisions of Plaintiff's employment agreement, Defendant has breached its contractual obligation by failing to pay Plaintiff her final paycheck and using it to repay Plaintiff's sign-on bonus.

49.     Plaintiff is thus entitled to an award equal to the full value of her final paycheck plus all legally allowable pre- and post-judgment interest.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and this Court:

(a)     Award Plaintiff overtime compensation in the amount due to her for time worked in excess of forty (40) hours per work week;

(b)     Award Plaintiff liquidated damages in amount equal to the overtime award;

(c)     Award Plaintiff her reasonable attorneys' fees and costs and expenses of litigation pursuant to 29 U.S.C. § 216(b);

(d)     Award Plaintiff the amount owed to her as a result of Defendant's breach of Plaintiff's employment contract; and

(e)     Award Plaintiff all allowable pre- and post-judgment interest; and

(f)     Any further relief this Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 7th day of February 2022.

*/s/ Jennifer K. Sniadecki*
Mark L. Bonfanti
Florida Bar No. 0010185
mark@destinlawyers.com
Jennifer K. Sniadecki
Florida Bar No. 1010134
jennifer@destinlawyers.com
BONFANTI & SNIADECKI, P.A.
1241 Airport Road, Suite A
Destin, Florida 32541
Telephone: (850) 545-0038
*Attorneys for Plaintiff*