UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:22-cv-00229-BJD-LLL

AMBER WOODS,

    Plaintiff,

v.

CROSS COUNTRY MORTGAGE, LLC,

    Defendant.
_____/

**AGREED MOTION TO COMPEL ARBITRATION AND
STAY PROCEEDINGS PENDING ARBITRATION**

Defendant CrossCountry Mortgage, LLC ("CCM"), pursuant to Fed. R. Civ. P. 12(b)(1), (3), the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (the "FAA"), and the Florida Arbitration Code, Fla. Stat. § 682.03 (the "FAC"), hereby moves this Court to compel arbitration and to stay this action pending the completion of arbitration of Plaintiff's claims before the American Arbitration Association. Plaintiff agrees to the requested relief.

**I.    INTRODUCTION**

This is an employment case. Plaintiff, Amber Woods ("Woods"), alleges that during her employment with CCM, the company failed to pay her overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"). She

also alleges the company breached a repayment agreement she had in connection with her employment. *See* ECF 1-1, Pl.'s Compl. ¶¶ 1, 48. Woods' claims are covered by an arbitration agreement, which requires Woods to submit her claims to binding arbitration before the American Arbitration Association.

## II. THE PERTINENT FACTS

On November 10, 2020, Woods signed the Employment Agreement ("Agreement") attached hereto as Exhibit 1. The Agreement states, in pertinent part, as follows:

> As a condition of my employment, I agree and acknowledge that Company and I will utilize binding arbitration to resolve all disputes arising out of or relating to my employment with the Company. Both the Company and I mutually agree that any claim, dispute and/or controversy that either I may have against the Company (or its owners, directors, officers, managers, employees, and agents) or the Company may have against me, arising from, related to, or having any relationship or connection whatsoever with my seeking employment with, employment by, or other association with the Company, shall be submitted to and determined exclusively by binding arbitration under the Federal Arbitration Act ("FAA"). Included within the scope of this Arbitration Agreement are all disputes, whether based in tort, contract, statute, equitable law, or otherwise.

Ex. 1 at 7.

The Agreement further provides that "disputes shall be settled by binding arbitration administered by the American Arbitration Association ("AAA") before

a qualified individual, to whom the parties may mutually agree pursuant to AAA's Employment Arbitration Rules and Mediation Procedures[.]" *Id*. at 8.

### III.   ARGUMENT

#### A. <u>Legal Standard</u>

Both federal and Florida law require the Court to compel arbitration of this dispute. The FAA unequivocally states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction … shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The FAA establishes a strong federal policy, and even a presumption, in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Contr. Corp.*, 460 U.S. 1, 24-25 (1983); *see also AT&T Mobility, LLC v. Concepcion*, 563 U.S. 333, 339 (2011). Accordingly, when interpreting arbitration agreements, the Court should interpret the parties' intent, construing the terms broadly and resolving all doubts in favor of arbitration. *Seaboard Coast Line R. Co. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir. 1982). A district court "must treat the agreement to arbitrate as valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Parm v. Nat'l Bank of California, N.A.*, 835 F.3d 1331, 1334 (11th Cir. 2016) (citing *Parnell v. CashCall, Inc.*, 804 F.3d 1142, 1146 (11th Cir. 2015)) (internal quotations omitted).

3

Similarly, the FAC provides:

> (1) An agreement contained in a record to submit to arbitration any existing or subsequent controversy arising between the parties to the agreement is valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract.

Fla. Stat. § 682.02. Like federal law, Florida law and public policy also strongly favor arbitration, and courts are encouraged to resolve all doubts in favor of arbitration. *Careplus Health Plans, Inc. v. Interamerican Med. Ctr. Grp., LLC*, 124 So. 3d 968, 971 (Fla. 4th DCA 2013) (citing *Seifert v. U.S. Home Corp.*, 750 So. 2d 633, 636 (Fla. 1999)).

To compel arbitration under both the FAA and the FAC, a court must determine whether (1) there is an enforceable agreement to arbitrate; (2) Woods' claims fall within the scope of the agreement and are arbitrable; and (3) the right to arbitrate has not been waived. *Sims v. Clarendon Nat'l Ins. Co.*, 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004); *Integrated Sec. Servs. V. Skidata, Inc.*, 609 F. Supp. 2d 1323, 1324 (S.D. Fla. 2009). All of these requirements are met here and the Court therefore should compel arbitration.

## B. There is An Enforceable Agreement to Arbitrate.

Ordinary state-law principles governing contract formation should be applied when determining whether the parties agreed to arbitrate. *Am. Express Financial Advisors, Inc. v. Makarewicz*, 122 F. 3d 936, 940 (11th Cir. 1997) (quoting *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)), *cert. denied*, 523 U.S. 1022 (1998). However, the FAA's policy in favor of arbitration still controls even when applying state law. *Caley v. Gulfstream Aerospace Corp.*, 428 F.3d 1359, 1368 (11th Cir. 2005) (citing *Cooper v. MRM Inv. Co.,* 367 F.3d 493, 498 (6th Cir. 2004)).

A signature on an arbitration agreement "may not be denied legal effect, validity, or enforceability solely because it is in electronic form." *Melver v. Check n' Go of Florida, Inc.,* Case No. 13-20528-WILLIAMS, 2013 WL 12148376 at *5 (S.D. Fla. July 22, 2013) (citing 15 U.S.C. § 7001(a)(1); Fla. Stat. § 668.004).

Here, Woods does not dispute that the Agreement attached as Exhibit 1 was signed by her, and constitutes a valid and binding contract.

## C. Woods' Claims Fall Within and are Covered by the Arbitration Agreement.

Woods' claims for breach of contract and violation of the FLSA are covered by the parties' Agreement, as it covers "all disputes, whether based in tort, contract, statute, equitable law, or otherwise." *Id*. at 7.

**D. CCM Has Not Waived its Right to Arbitration in this Action.**

CCM moved to compel arbitration immediately after removing this case to federal court and as a response to the Complaint. CCM has not filed any substantive motions or engaged in any discovery and its first substantive action was to seek to compel arbitration. Moreover, the act of removing the case to federal court is not considered inconsistent with the right to arbitrate. *Halim v. Great Gatsby's Auction Gallery, Inc.,* 516 F.3d 557, 562 (7th Cir. 2008).

There is no evidence that CCM waived arbitration as it moved to compel arbitration in its initial response to the Complaint. "All questions about waivers of arbitration should be construed in favor of arbitration rather than against it." *Doctors Assocs., Inc. v. Thomas*, 898 So.2d 159, 162 (Fla. 4th DCA 2005) (citation omitted).

## IV.   CONCLUSION

For the foregoing reasons, CCM respectfully requests that the Court enter an order compelling arbitration and staying this action pending the completion of arbitration proceedings before the American Arbitration Association.

**Local Rule 3.01(g) Certification**

Movant certifies that movant has conferred with the opposing party, who agrees to the granting of this motion.

Dated: March 8, 2022

        Respectfully submitted,

        OGLETREE, DEAKINS, NASH,
          SMOAK & STEWART, P.C.
        Two Datran Center
        9130 S. Dadeland Boulevard, Suite 1625
        Miami, Florida 33156
        Telephone:  305.374.0506
        Facsimile:   305.374.0456

        *s/ Paul De Boe*
        David M. DeMaio
         Florida Bar Number 886513
         david.demaio@ogletreedeakins.com
        Paul J. De Boe
         Florida Bar Number 52051
         paul.deboe@ogletreedeakins.com

        *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 8, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/ Paul De Boe*
Paul J. De Boe

## SERVICE LIST
*Amber Woods v. Cross Country Mortgage, LLC*
United States District Court, Middle District of Florida
CASE NO.: 3:22-cv-00229-BJD-LLL

>
> Mark L. Bonfanti
> mark@destinlawyers.com
> Jennifer K. Sniadecki, Esq.
> Jennifer@destinlawyers.com
> BONFANTI & SNIADECKI, P.A.
> 1241 Airport Road, Suite A
> Telephone: 850.545.0038
>
> *Counsel for Plaintiff*
>
> Method of Service:  CM/ECF
>
>
> David M. DeMaio
> david.demaio@ogletreedeakins.com
> Paul J. De Boe
> paul.deboe@ogletreedeakins.com
> OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
> Two Datran Center
> 9130 S. Dadeland Boulevard
> Suite 1625
> Miami, Florida 33156
> Telephone:  305.374.0506
> Facsimile:   305.374.0456
>
> *Counsel for Defendant*

50574167.v1-OGLETREE